# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| OLAN DAVIS, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>HUNT OIL COMPANY. | DOCKET NO. 7:20-cv-00184<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

# COLLECTIVE ACTION COMPLAINT

## I.  SUMMARY

1.      Plaintiff Olan Davis brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Hunt Oil Company (Hunt) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Hunt employs oilfield personnel, like Davis, to carry out its work.

3.      Davis, and the other workers like him, were typically worked 10-12 hour shifts and regularly worked more than 60 hours per week.

4.      But Hunt does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, Hunt improperly classified these workers as exempt.

6.      This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II.  JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial

part of the events or omissions giving rise to the claim occurred in this District. Davis performed work-related tasks for Hunt in this District in Midland County.

### III.   THE PARTIES

9.      Olan Davis worked for Hunt performing inspection and production related work on Hunt Oil well sites and storage tank facilities in the field.

10.     For large parts of his employment with Hunt, Davis did not receive overtime compensation at one and one half times his regular rate of pay, as defined by the FLSA, despite routinely working over 40 hours in a single workweek.

11.     His consent to be a party plaintiff is attached hereto as Exhibit A.

12.     Davis seeks to represent a nationwide class under the Fair Labor Standards Act collective action provision, 29 U.S.C. § 216(b). The FLSA 216(b) Class is defined as:

> **All lease operators who worked for Hunt Oil Company within the past three years and were paid (1) a salary without lawful overtime; or (2) classified as an independent contractor and paid a day rate in the past three years.** (the "Putative Class Members").

13.     Hunt Oil Company may be served through its registered agent Capitol Corporate Services, Inc at 206 E. 9th St., Suite 1300, Austin, Texas 78701.

### IV.   FACTS

14.     Hunt "is a privately held exploration and production company that has successfully conducted petroleum operations for more than 80 years. Today, it is one of the world's leading independent energy companies, with operations in North America, South America, Europe and the Middle East. The company has drilled wells on every continent except Antarctica."[1]

15.     To offer these services, Hunt employs hundreds of field employees.

---

[1] http://www.huntoil.com/ (last visited July 31, 2020)

16.     Hunt's field employees' job duties involve traveling to various well sites each day, inspecting and operating oilfield related equipment, gauging the available capacity of storage tanks, reporting production numbers from the well site, performing maintenance and troubleshooting on the equipment, and other duties required by Hunt.

17.     Hunt initially brings these employees on a trial basis and improperly classifies these workers as independent contractors.

18.     For the initial period that these workers are misclassified as contractors, they are paid a day-rate for all hours in a day, even those in excess of 40 hours in a week.

19.     For example, Davis was misclassified as a contractor and paid a day rate by Hunt for approximately 4 months at the beginning of his time working for Hunt from March 2018 until July 2018.

20.     Davis was an hourly employee of Hunt for approximately 4 months from August 2018 through December 2018. He was paid by the hour and received overtime pay.

21.     However, even though his job duties remained the same, Davis was switched to a salary starting in January 2019 through September 2019.

22.     As a salaried employee, Hunt was not paid his lawful overtime wages.

23.     Davis worked for Hunt as a Lease Operator from March 2018 through September 2019.

24.     Davis worked long and hard hours in the field inspecting wells, gauging tanks, and reporting production numbers.

25.     The majority of his work was routine and manual in nature, using hand tools, and carrying heavy equipment.

26.     Working in the oilfield, Davis wore various types of PPE.

27.     Beyond being routine and manual in nature, all aspects of Davis' job was predetermined for him.

28.     Hunt trains its employees how to operate the required equipment and perform the job.

29.     Davis was required to comply with Hunt's strict policies and procedures governing each issue that arises throughout the job.

30.     No specific degree or background is required to perform Davis' job; Hunt provides all the training necessary to perform the job the Hunt way.

31.     Indeed, Davis and all employees like him perform non-exempt job duties under the FLSA.

32.     Davis and individuals like him work well over 40 hours a week; however, Hunt does not pay its employees overtime properly.

33.     For example, Hunt paid Davis a fixed weekly amount and less than lawful overtime compensation from January 2019 to September 2019:

34.     Hunt pays all of its field employees like Davis under the pay practices described above.

35.     Regardless of location, Hunt treats these employees the same and denied proper overtime.

36.     As the controlling law makes clear, the routine and manual labor duties performed by Davis and the other employees is non-exempt work.

37.     Therefore, Hunt owes back overtime wages to all of their employees similarly situated to Davis.

## V.     COLLECTIVE ACTION ALLEGATIONS

38.     Davis incorporates all previous paragraphs and alleges that the illegal pay practices Hunt imposed on Davis were similarly imposed on the field personnel employed in the rest of the United States.

39.     Hundreds of employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.

40.     Based on his experiences and tenure with Hunt, Davis is aware that Hunt's pay practices or policies have been imposed on the Putative Class Members.

41.     The Putative Class Members all were not afforded overtime compensation at the correct rates when they worked in excess of forty hours per week.

42.     Hunt's failure to pay wages and overtime compensation as required by the FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the class members.

43.     Davis' experiences are therefore typical of the experiences of the Putative Class Members.

44.     The specific job titles or precise job locations of the various Putative Class Members do not prevent collective treatment.

45.     Davis has no interests contrary to, or in conflict with, the Putative Class Members, as defined herein. Like each member of the proposed class, Davis has an interest in obtaining the unpaid overtime wages owed under federal wage laws.

46.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Hunt will reap the unjust benefits of violating the applicable federal and state wage laws.

47.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Hunt, it would be unduly burdensome to the judicial system.

48.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

49.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a)     Whether Hunt employed the Putative Class Members within the meaning of the applicable federal statutes, including the FLSA;

(b)     Whether the Putative Class Members were misclassified by Hunt as exempt from overtime compensation;

(c)     Whether Hunt's decision to classify the Putative Class Members as exempt was made in good faith;

(d)     Whether Hunt's violation of the FLSA was willful; and

(e)     Whether Hunt' failure to pay Davis and the Putative Class Members overtime pay due to them was by virtue of their uniform designation as exempt.

50.     Davis' claims are typical of the Putative Class Members' claims. Davis and the Putative Class Members have sustained damages arising out of Hunt's illegal and uniform employment policies.

51.     Davis knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

52.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## VI.     COVERAGE UNDER THE FLSA

53.     At all times hereinafter mentioned, Hunt has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

54.     At all times hereinafter mentioned, Hunt has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

55.     At all times hereinafter mentioned, Hunt has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29

U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

56.     At all times hereinafter mentioned, Davis was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VII.    FLSA VIOLATIONS

57.     During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing persons in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

58.     Hunt knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Davis and all Putative Class Members overtime compensation.

59.     The decision by Hunt not to properly pay overtime compensation to their employees was neither reasonable, nor in good faith.

60.     Accordingly, Davis and all Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## VIII.    JURY DEMAND

61.     Plaintiff hereby demands a jury.

## IX.   RELIEF SOUGHT

62.    WHEREFORE, Davis prays for judgment against Hunt as follows:

a.    An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order appointing Davis and his counsel to represent the interests of the FLSA Class;

c.    For an Order finding Hunt liable to Davis and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.    For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**